NO. 07-10-00296-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



DECEMBER
16, 2010

 



 

SCOTTIE DWAYNE HADNOT, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 30TH DISTRICT COURT OF WICHITA
COUNTY;

 

NO. 47,179-A; HONORABLE ROBERT P. BROTHERTON, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER
OF ABATEMENT AND REMAND

            On
October 21, 2010, the Court received notice from appellant, Scottie Dwayne Hadnot, that
the reporter’s record in this case was incomplete in that it did not include
the transcript from the hearing on appellant’s motion to suppress.  Appellant’s counsel provided us a copy of a
letter specifically addressed to the court reporter that was at the suppression
hearing, Dawn Eaton, requesting that she prepare a supplemental reporter’s
record containing the transcript of that hearing.  On November 22, 2010, appellant notified this
Court that he had still not received the supplemental reporter’s record nor any response from Eaton. 
As a result, this Court contacted the Official Court Reporter for the 30th
District Court of Wichita County, Texas, Leslie C. Ryan-Hash, regarding the
missing transcript.  In response,
Ryan-Hash sent a certified letter, return receipt requested, to Eaton
requesting the preparation of the supplemental reporter’s record.  On December 7, 2010, Ryan-Hash notified this
Court that she had not received a response from Eaton concerning Ryan-Hash’s
request for preparation of the supplemental record.  A tracking search for this letter reflects
that notice was left at the last known address of Eaton, but that the letter
had not been picked up by Eaton.  

For
these reasons, we now abate and remand this case to the trial court to
determine whether the portion of the reporter’s record containing the
transcript of the July 25, 2008 motion to suppress hearing has been lost or
destroyed.  Upon remand, the judge of the
trial court is directed to immediately cause notice to be given of and to
conduct a hearing to determine: (1) if, without appellant’s fault, a significant
portion of the court reporter’s notes and records has been lost or destroyed or
is inaudible; (2) if so, whether the lost, destroyed, or inaudible portion of
the reporter’s record is necessary to the appeal’s resolution; and (3) whether
the lost, destroyed, or inaudible portion of the reporter’s record can be
replaced by agreement of the parties.  See
Tex. R. App. P. 34.6(f).  The trial court should enter findings of fact
and conclusions of law as to each of these determinations as well as any other
issues that might help guide this Court in determining whether a new trial need
be ordered.  

The trial court is directed to: (1)
conduct any necessary hearings; (2) make and file the above-identified findings
of fact and conclusions of law and any other findings, conclusions, or
recommendations, and cause them to be included in a supplemental clerk=s record; (3) cause the hearing
proceedings to be transcribed and included in a supplemental reporter=s record; and (4) cause the records
of these proceedings to be sent to this Court. 
In the absence of a request for extension of time from the trial court,
the supplemental clerk=s record and supplemental reporter=s record, including any orders,
findings, conclusions, and recommendations, are to be sent so as to be received
by the Clerk of this Court not later than January 17, 2011.

 

 

                                                                                                Per
Curiam

 








Do
not publish.